**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLAUDIA ESTRADA-ROSALES,

Petitioner,

v.

MICHAEL B. MUKASEY, Attorney
General,

Respondent.

No. 07-75038

Agency No. A095-118-263

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Claudia Estrada-Rosales, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Estrada-Rosales's due process and ineffective assistance of counsel claims because she failed to raise these claims before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the agency's determination that Estrada-Rosales failed to establish her eligibility for asylum. *See Wakkary*, 558 F.3d at 1060 (no past persecution where harm to others was not part of "a pattern of persecution closely tied to" petitioner); *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."); *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000) (general civil strife or widespread random violence is not sufficient to demonstrate a well-founded fear of persecution).

Because Estrada-Rosales failed to establish eligibility for asylum, she necessarily cannot demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the agency's denial of CAT relief because Estrada-Rosales failed to establish it is more likely than not she will be tortured by or with the acquiescence of a government official if returned to El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime not particular to petitioner insufficient to establish CAT eligibility).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**